NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETTY J.<br>           Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY<br>           Defendant. | Civil Action No.: 24-4942<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

## I.     INTRODUCTION

Before the Court is the appeal of Betty J.[1] ("Plaintiff") seeking review of a final decision by the Commissioner of Social Security ("Defendant") denying her application for disability insurance benefits ("DIB") and supplemental security income under the Social Security Act ("SSA" or the "Act"). ECF No. 1; *see also* ECF No. 7 ("Br."). Defendant opposed the appeal (ECF No. 9 ("Opp.")), and Plaintiff replied in support. ECF No. 10 ("Reply"). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

## II.    BACKGROUND

Plaintiff is a 58-year-old female with a high school education who previously worked as an administrative assistant. ECF No. 5 ("R.") at 48, 63, 83, 91, 226, 228, 260, 280. Plaintiff filed for DIB and supplemental security income on February 3, 2021, alleging disability beginning on April 10, 2020. R. at 38, 48–49, 83–85, 91–93, 98, 105, 191, 226. Plaintiff alleged that she has

---

[1] Pursuant to District of New Jersey standing order 2021-10, "any non-governmental party will be identified and referenced solely by first name and last initial" due to privacy concerns present in social security cases. D.N.J. Standing Order 2021-10; see also *Bryan S. v. Kijakazi*, No. 20-cv-11145, 2022 WL 2916072, at *1 n.1 (D.N.J. July 25, 2022).

1

been unable to work due to a herniated disc and bulging disc, degenerative disc disease, scoliosis, rheumatoid arthritis, high blood pressure, weight, and asthma. R. at 44, 83–85, 91–93, 98, 100–01. She also claimed that she has experienced depression and anxiety. R. at 83–85, 91–93, 98, 100–01.

Plaintiff's initial application was denied, R. at 113–22, and again on reconsideration. R. at 130–45. Following a subsequent hearing, an ALJ concluded in a decision issued May 3, 2023 that Plaintiff was not disabled and denied her application. R. at 38–49. The Appeals Council denied Plaintiff's request for review on March 5, 2024. R. at 1–6. Plaintiff then brought the instant appeal on April 14, 2024. ECF No. 1.

### III. LEGAL STANDARD

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and substantiated by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676,

2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B. Determining Disability

In order to be eligible for benefits under the SSA, a claimant must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled for SSA purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

Decisions regarding disability are made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382(a)(3)(D).

### C. Sequential Evaluation for a Continuing Disability

The Social Security Administration follows a five-step, sequential evaluation to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit her ability to work. *Id.* Third, if she has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpt. P, App. 1 (the "Listings"). If the claimant's impairment(s) medically equal one of the Listings, this results in a presumption of disability. *Sykes*, 228 F.3d at 262. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is adequate to perform her past relevant work. *Id.* Fifth, if her RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four of this test. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 202 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

### IV. DISCUSSION

#### A. Summary of the ALJ's Decision

After considering the evidence and following the five-step analysis outlined in 20 C.F.R. § 404.1520(a), the ALJ found that Plaintiff was not disabled during the relevant period. R. at 48–49.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. R. at 40.

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease; rheumatoid arthritis; and obesity. R. at 41. The ALJ also found that Plaintiff had a nonsevere medically determinable mental impairment of depression. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings. R. at 43–44.

The ALJ then determined that Plaintiff had an RFC to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). R. at 44–47.

At step four, the ALJ determined that Plaintiff could perform past relevant work as an administrative assistant, crediting the testimony of the vocational expert. R. at 48. Accordingly, the ALJ concluded that Plaintiff has not been under a disability during the relevant period. R. at 48–49.

**B. Plaintiff's Argument on Appeal**

Plaintiff argues on appeal that the ALJ committed "legal error" by failing to either (1) adopt in his RFC findings the mental limitations he found credible at step two or (2) explain why he omitted these limitations from the RFC. Br. at 5–7. Specifically, Plaintiff notes that at step two, the ALJ found that Plaintiff had a "mild limitation" in the four critical areas of mental functioning.[2]

---

[2] Plaintiff does not challenge the ALJ's conclusion that she had no greater than a mild limitation in any area of mental functioning or that these impairments were nonsevere. *See* Reply at 1. Any such argument is therefore waived. *See Stancavage v. Colvin*, No. 14-1215, 2015 WL

5

Br. at 5–6. The ALJ determined that Plaintiff had such limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. R. at 41–42. Plaintiff contends that the ALJ's RFC finding was "facially defective because it failed to in any way account for Plaintiff's proven and admitted mental functional limitations." Br. at 6. According to Plaintiff, the failure to do so when formulating the RFC at step four requires remand. *Id.*

At step two, the ALJ concluded that because Plaintiff's "medically determinable mental impairment causes no more than 'mild' limitations in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, [her mental impairment] is nonsevere." R. at 42 (emphasis in original). The ALJ explained that the limitations identified at step two are not an RFC assessment but rather used to rate the severity of mental impairments as part of that step in the sequential evaluation process. R. at 42. Additionally, the ALJ recognized that the "mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." *Id.* He then stated that "[t]he following [RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." R. at 42–43. This language is sufficient to demonstrate that the ALJ considered Plaintiff's mental impairments before formulating the RFC. *Northrup v. Kijakazi*, No. 20-412, 2022 WL 889968, at *5 (M.D. Pa. Mar. 24, 2022); *see also Hernandez v. Kijakazi*, No. 22-1556, 2022 WL 17751355, at *9 (D.N.J. Dec. 19, 2022) (concluding that a similar statement sufficed to show that the RFC reflected the step two analysis of mental limitations); *Jennifer B. v. Kijakazi*, No. 20-20364, 2022 WL 577960, at *12 (D.N.J. Feb. 25, 2022)

---

3466207, at *13 (M.D. Pa. June 1, 2015) (concluding that plaintiff waived an argument where she "failed to brief" that argument in her opening brief).

(same). Further, the ALJ noted that he had carefully considered the "entire record" in formulating the RFC. R. at 44. Other courts in the Third Circuit have approved practically identical language to show that the RFC assessment at step four reflected the ALJ's in-depth analysis of mental limitations at step two. *Hernandez*, 2022 WL 17751355, at *9 (collecting cases); *see also D.C. v. Comm'r of Soc. Sec.*, No. 20-2484, 2021 WL 1851830, at *5 (D.N.J. May 10, 2021) (holding that the ALJ's consideration of the entire record in conjunction with incorporating the paragraph B findings in the RFC by reference was "sufficient to satisfy the requirement that the ALJ consider all of the Plaintiff's impairments in formulating the RFC"). Accordingly, the RFC here properly incorporated the mental limitations found at step two.

V.  **CONCLUSION**

In sum, the ALJ adequately considered Plaintiff's mental impairments in formulating the RFC. Therefore, the ALJ's decision is affirmed.

**Accordingly, IT IS** on this 21st day of August, 2025,

**ORDERED** that Plaintiff's appeal (ECF No. 1) is **DENIED**; and it is further

**ORDERED** that the decision of the Administrative Law Judge is hereby **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

**SO ORDERED**.

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**